UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

GARY WASHINGTON,

    Plaintiff,

V.

CONTINENTAL TIRE THE AMERICAS, LLC,

    Defendant.

Civil Action No.
3:20-cv-04056-MGL-SVH

**AMENDED COMPLAINT**
**(Jury Trial Requested)**

## AMENDED COMPLAINT

COMES NOW Plaintiff, Gary Washington ("Mr. Washington" or "Plaintiff"), and hereby files this Amended Complaint for Damages against Continental Tire the Americas, LLC ("CTA" or "Defendant"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count One of this Complaint, which arises under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA).

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count Two of this Complaint, which arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (ADEA).

3. This Court has jurisdiction over the parties of this action because the employment practices described herein were committed within Sumter County, South Carolina.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

1

5. Plaintiff received his Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed. *Exhibit 1*.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of South Carolina.

7. Defendant is a corporation registered to conduct business in the State of South Carolina.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System, located at 2 Office Park Ct, Ste 103, Columbia, SC 29223.

9. Defendant employed fifty (50) employees or more within 75 miles at all times relevant to this lawsuit.

10. Defendant is subject to the requirements of the ADEA and FMLA.

## III. FACTUAL ALLEGATIONS

11. Mr. Washington began working for Defendant as a certified Tire Build Operator at Defendant's manufacturing plant in Sumter, SC (Sumter Plant) in July 2017.

12. On April 3, 2019, Mr. Washington notified his supervisor, Mr. John Stein, that his mother had been admitted to the ICU and was near death.

13. Mr. Washington asked Mr. Stein for permission to go on a leave of absence to care for his mother.

14. Mr. Stein agreed and asked Mr. Washington to keep him updated.

15. Mr. Stein did not inform Mr. Washington that he could apply for FMLA leave.

16. Mr. Washington worked over 1,250 hours during the 12 months preceding the leave request he made to Mr. Stein.

17. On April 10, Mr. Washington's mother passed away.

18. On April 12, Mr. Washington notified Mr. Stein and his second level supervisor, Mr. Oscar Boyle, of her death. Mr. Boyle responded by text message, "Sorry to hear this news just as soon as y'all make plans just let me know and we can go from there."

19. Mr. Boyle did not mention FMLA leave as an option, nor did he refer Mr. Washington to Human Resources (HR).

20. On April 19, Mr. Washington contacted Mr. Boyle by text message and said he would like to return on April 23.

21. Later that day, an HR representative called Mr. Washington and told him that Mr. Clayton Turner, Division Manager, would contact him shortly.

22. The following day, Mr. Clayton terminated him.

23. At the time of his termination, Mr. Washington was 56 years old.

24. Upon information and belief, Mr. Washington was replaced by an individual under the age of 40.

25. On at least two (2) occasions in 2019, Mr. Stein referenced Mr. Washington's age and asked if he was considering retirement.

### IV. CLAIM FOR RELIEF

### COUNT I

### FMLA INTERFERENCE

26. Plaintiff incorporates by reference paragraphs 1-25 of his Complaint as if fully set forth herein.

27. Plaintiff was entitled to leave pursuant to 29 U.S.C.A. § 2612(a)(1)(C).

28. Defendant failed to provide Plaintiff with notice that his absence qualified under the

FMLA.

29. Plaintiff was terminated and therefore prejudiced as a result of this failure to notify.

## COUNT II

## ADEA DISCRIMINATION

30. Plaintiff incorporates by reference paragraphs 1-29 of his Complaint as if fully set forth herein.

31. Plaintiff is over the age of 40 and thus a member of a protected class under the ADEA.

32. Plaintiff was qualified for the position he held with Defendant, and he met his employer's legitimate expectations.

33. Plaintiff suffered the adverse action of termination.

34. The circumstances of Plaintiff's discharge raise a reasonable inference of unlawful discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, liquidated damages, reasonable attorney fees, and costs in accordance with the FMLA and ADEA; and

d. Any other relief this Court deems proper and just.

(Signature on following page)

Respectfully submitted this 27th of January, 2021.

*s/Regina Hollins Lewis*
Regina Hollins Lewis, Federal ID No. 7553
rlewis@gaffneylewis.com
**GAFFNEYLEWIS LLC**
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 790-8838

Alexander C. Kelly, NC Bar No. 4938[1]
ack@kirbygsmith.com
**THE KIRBY G. SMITH LAW FIRM, LLC**
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 27th of January, 2021.

*s/Regina Hollins Lewis*
Regina Hollins Lewis, Federal ID No. 7553
rlewis@gaffneylewis.com
**GAFFNEYLEWIS LLC**
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 790-8838

---

[1] Mr. Kelly's *pro hac vice* application is forthcoming.