IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gary Washington, | C/A No. 3:20-cv-04056-MGL-SVH |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| Continental Tire the Americas, LLC, | |
| Defendant. | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Continental Tire the Americas, LLC ("Defendant" or "Continental"), by counsel, states as follows in support of its Motion to Dismiss the Amended Complaint filed by Plaintiff Gary Washington in the above-captioned action:

<u>**Nature of the Case**</u>

Plaintiff Gary Washington ("Plaintiff") is a former employee of Continental who requested and received time off from work to care for his mother during an illness in April 2019. When Plaintiff's employment terminated, he initiated this action on November 20, 2020.[1]

In his Amended Complaint, Plaintiff asserts a claim for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as a claim for interference with his purported rights under the Family and Medical Leave Act of 1993 ("FMLA"). As demonstrated below, Plaintiff cannot state plausible claims for relief under either theory.

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff filed an Amended Complaint with this Court on January 27, 2021 once as a matter of course, and on February 1, 2021 requested that Continental waive service of process.

As to his ADEA claim, the Amended Complaint is devoid of any allegations that would plausibly establish a causal connection between his age and his termination. At best, Plaintiff's allegations are comprised of legal conclusions, which are insufficient to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's FMLA interference claim is similarly subject to dismissal. Plaintiff was not entitled to FMLA benefits at the time of his termination, nor for the ten-day period leading up to his termination. He also has failed to plausibly allege how he suffered any prejudice as a result of Continental's alleged failure to provide him with notice of any FMLA eligibility, nor could he, since he received leave for the only period of time possibly covered by the FMLA.

Accordingly, for these reasons, which are described more fully below, Continental requests the Court to enter an Order dismissing Plaintiff's Amended Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## Summary of Plaintiff's Allegations in the Amended Complaint

Plaintiff is a former employee of Continental who requested time off to care for his mother when she became ill on April 3, 2019. Dkt. Entry 5, ¶¶ 12–13. Continental granted Plaintiff's request for time off for the duration of his mother's illness, from April 3, 2019 until April 10, 2019, at which time she passed away. Dkt. Entry 5, ¶¶ 13, 17. Two days after his mother's death, Plaintiff alleges that he contacted his direct and next level supervisors, Josh Stein and Oscar Boyle respectively, to let them know his mother had passed away. Dkt. Entry 5, ¶ 18. Nine days after Plaintiff's mother passed away, on April 19, 2019, Plaintiff alleges that he contacted Mr. Boyle and told him that he would like to return to work on April 23, 2019—that is, thirteen days after his mother's death and twenty days after Plaintiff first commenced leave. Dkt. Entry 5, ¶ 20. Plaintiff

alleges that on April 20, 2019, Clayton Turner, Division Manager, terminated his employment. Dkt. Entry 5, ¶ 22.  Plaintiff was 56 years old when he was terminated.  Dkt. Entry 5, ¶ 23.

## Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed when the plaintiff fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The standards governing motions to dismiss under Fed. R. Civ. P. 12(b)(6) were discussed at length by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007), and reaffirmed by the Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Under *Twombly*, a plaintiff's complaint must provide "more than labels and conclusions," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965: "a formulaic recitation of the elements of the cause of action will not do."  *Id.*  A plaintiff's "plain statement" in his complaint must "possess enough heft to show entitlement to relief," including factual allegations sufficient to support and justify the requested relief.  *Id.* at 557, 127 S. Ct. at 1966.

Pursuant to *Twombly* and *Iqbal*, the complaint also must include a plausible legal basis for relief, and "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted).  If a plaintiff's complaint does not meet these standards, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966.

While at this stage the Court assumes the truth of all facts alleged in the complaint, in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead each and every "essential element" of his claims, *Eisenburg v. Wachovia Bank, N.A.*, 301 F.3d 220, 224–25 (4th Cir. 2002), and the Court "need not accept the legal conclusions drawn from the facts" and

"need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.,* 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

Additionally, the complaint's well-pleaded allegations must give the defendant fair notice of the plaintiff's claims and the grounds on which they rest. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This means that the plaintiff, at a minimum, must allege the necessary facts and grounds that will support his right to relief. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955. In other words, the plaintiff must give "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus, in examining the sufficiency of a complaint, the Court should first identify those allegations which should be disregarded as legal conclusions and then determine whether the remaining factual allegations, if any, support "a plausible claim for relief." *See id.* at 679, 129 S. Ct. at 1950.

<u>Argument</u>

**I.    Plaintiff's Amended Complaint Fails to State a Plausible FMLA Interference Claim.**

To state a claim for a FMLA interference, Plaintiff must allege that (1) he was an eligible employee under the FMLA, (2) he was entitled to leave for a qualifying reason under the FMLA, (3) he gave Continental adequate notice of his intention to take leave, (4) Continental interfered with FMLA benefits to which he was entitled, and (5) he was prejudiced by the interference. *See Butler v. Pennington*, 2018 U.S. Dist. LEXIS 225271, at *46 (D.S.C. Nov. 18, 2018); *Anderson v. Discovery Communs.*, 517 Fed. Appx. 190, 197 (4th Cir. 2013).

As shown below, Plaintiff's FMLA claim is insufficient on its face because (1) Plaintiff was not entitled to FMLA leave at the time of his termination ten days after his mother's death; and (2) Plaintiff does not and cannot show that he was prejudiced by Continental's alleged failure

to provide the eligibility notice—or any other notice—required by the FMLA, which is the only purported manner in which Continental allegedly interfered with Plaintiff's FMLA rights. Therefore, the Court should dismiss his FMLA interference claim with prejudice.

### A.    Plaintiff was not entitled to FMLA leave at the time of his termination.

Contrary to Plaintiff's allegations and assertions in his Amended Complaint, the FMLA does not entitle Plaintiff to or otherwise make Plaintiff eligible for any leave on or after his mother's death on April 10, 2019, up through and including the termination of his employment on April 20, 2019.[2]

Under the FMLA, a "serious health condition" of a covered family member under the statute contemplates only medical conditions of the living and does not contemplate any time taken after a covered family member passes away from a serious health condition. *See, e.g.*, *Lange v. Showbiz Pizza Time*, 12 F. Supp. 2d 1150, 1154 (D. Kan. May 8, 1998) ("The court concludes that a 'serious health condition' within the meaning of the FMLA contemplates only medical conditions affecting the living."); *see also Brown v. J.C. Penney Corp.*, 924 F. Supp. 1158, 1162 (S.D. Fla. 1996) ("Put simply, if Congress wanted to ensure that employees on FMLA leave could take additional time off after a family member died from a serious health condition, it easily could have said so in the statute.").  Indeed, courts have uniformly held that an employee is not entitled to any FMLA leave for time spent mourning a covered family member's death.  *See, e.g.*, *Smith-Megote v. Craig Hosp.*, 229 F. Supp. 3d 1224, 1227 (D. Colo. 2017); *Deloatch v. Harris Teeter, Inc.*, 797 F. Supp. 2d 48, 66, n. 13 (D.C.C. 2011) (denying FMLA interference claim because "[t]he FMLA does not cover bereavement leave, and thus the defendant could not have violated

---

[2] Plaintiff alleges in his Amended Complaint that after his mother's death, his supervisor "did not mention FMLA leave as an option, nor did he refer [Plaintiff] to Human Resources (HR)."  Dkt. Entry 5, ¶ 19.

the statute in denying the plaintiff time off after his mother's funeral"); *Barone v. Leukemia Society of America*, 42 F. Supp. 2d 452, 460 (D.N.J. 1998) ("[B]ereavement leave or absence from work following the death of one's immediate family is not protected by the FMLA.").

Here, Plaintiff's mother passed away on April 10, 2019—more than ten days prior to Plaintiff's separation from employment. *See* Dkt. Entry 5, ¶¶ 17, 22. Therefore, at the time of Plaintiff's termination, and for the ten days after his mother's passing, Plaintiff was not entitled to FMLA leave and he cannot state an FMLA interference claim based on any alleged failure to notify him of FMLA eligibility on or after April 10, 2019 when his mother passed away.

**B.** **Plaintiff cannot show that he suffered any prejudice because he did not receive any notices required by the FMLA.**

Any claim for FMLA interference based on Continental's alleged failure to provide him with notice of eligibility under the FMLA for the seven-day period of time while his mother was ill is likewise subject to dismissal. Even if Plaintiff has adequately pled the remaining elements of his *prima facie* case—which he has not[3]—he must still sufficiently allege that he suffered prejudice by not receiving an eligibility notice, or any other notice, required by the FMLA to state an FMLA interference claim. *See Anderson,* 517 Fed. Appx. at 197 ("In order to establish a claim for violation of the FMLA, including interference of rights thereunder, [the plaintiff] had to prove not only the fact of interference, but also that the violation prejudiced her in some way."). Put another way, Plaintiff must allege that the prejudice he suffered is ***because of*** Continental's alleged FMLA violation. Plaintiff has not done that in his Amended Complaint, nor can he.

---

[3] For the purposes of Continental's Motion to Dismiss only, Continental assumes that Plaintiff has otherwise pled his *prima facie* case, but reserves its right to argue otherwise should the Court decide not to dismiss Plaintiff's claims.

Here, Plaintiff alleges that Continental violated the FMLA by failing to provide him with notice that his absence from April 3, 2019 through April 10, 2019 while his mother was ill qualified under the FMLA, and makes the conclusory statement that he was therefore prejudiced when he was terminated thereafter on April 20, 2019. *See* Dkt. Entry 5, ¶¶ 28–29. But, Plaintiff's allegations fall woefully short of supporting his claim and do not state a plausible FMLA claim. *See, e.g.*, *McKay v. Medical Univ. of S.C.*, 2017 U.S. Dist. LEXIS 128799, at *13–14 (D.S.C. 2017) (holding that FMLA interference claim was subject to dismissal where "Plaintiff does not plead or otherwise claim any alleged FMLA violations ***that caused her*** to lose any compensation or benefits, nor does she allege that she would have structured her FMLA requests differently had Defendants not allegedly interfered with those requests.") (emphasis added).

As an initial matter, Plaintiff does not allege how he suffered any prejudice as a result of Continental's alleged technical violation of the FMLA. Indeed, other than the sole conclusory allegation in his Amended Complaint that he was terminated and therefore prejudiced as a result of the alleged failure to notify, *see* Dkt. Entry 5, ¶ 29, Plaintiff provides no facts whatsoever to establish any prejudice based on Continental's alleged failure to notify him of FMLA eligibility.

Moreover, Continental ***approved*** Plaintiff for a leave of absence for the only period of time for which he would have been eligible for FMLA leave—April 3, 2019 to April 10, 2019. *See* Dkt. Entry 5, ¶ 12–14. Therefore, Plaintiff received all of the benefits during this time to which he was entitled under the FMLA and he did not suffer any prejudice as a result of any alleged technical violation of the FMLA. *See, e.g., Snipes v. Sw. Va. Reg'l Jail Auth.*, 350 F. Supp. 3d 489, 494 (W.D. Va. Oct. 5, 2018) (dismissing FMLA interference claim because plaintiff "received all of the benefits to which [he was] entitled" when he took intermittent leave to care for his wife from March 14, 2016 to April 5, 2016 and was terminated on May 31, 2016, after the protected

leave period had ended). Accordingly, Plaintiff cannot state an FMLA interference claim and his claim should be dismissed with prejudice. S*ee Dighello v. Thurston Foods, Inc.*, 307 F. Supp. 3d 5, 23 (2d Cir. 2018) (dismissing FMLA interference claim because "an employer's failure to provide notice of the terms of the FMLA, where the lack of notice had no effect on the employee's exercise of or attempt to exercise any substantive right conferred by the Act, fails to state an FMLA claim for interference).

## II. Plaintiff's Amended Complaint Fails to State a Plausible Age Discrimination Claim under the ADEA.

To survive Continental's Rule 12(b)(6) motion to dismiss Plaintiff's ADEA discrimination claim, Plaintiff's Amended Complaint must allege facts in support of the claim that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. He must provide "more than labels and conclusions." *Id*. As the Supreme Court stated in *Twombly*, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Instead, Plaintiff here must plead sufficient facts to state a claim for relief that is "*plausible* on its face." *Id*. at 570, 127 S. Ct. at 1974 (emphasis added); *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. 1949 (explaining that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is *plausible* on its face'") (citations omitted).

The Court defines what is plausible: "[a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. To survive a motion to dismiss, the complaint must "permit the court to infer

more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id*. at 679, 129 S. Ct. at 1950.

Here, Plaintiff's Amended Complaint fails this test as to his ADEA claim. *See* Dkt. Entry 5, ¶¶ 23–25, 30–34. Plaintiff alleges only that (1) he was 56 years old at the time his employment terminated, (2) he met Continental's legitimate expectations, (3) "upon information and belief," he was replaced with someone under 40, (4) his supervisor "referenced [Plaintiff's] age and asked if he was considering retirement," and (5) that "the circumstances of Plaintiff's discharge raise a reasonable inference of unlawful discrimination." *See* Dkt. Entry 5, ¶¶ 23–25, 32–34. Thus, Plaintiff's only attempt to connect his termination to his age is the sole allegation that his supervisor "referenced [his] age" and asked him if he was considering retirement. *See* Dkt. Entry 5, ¶ 25. But, Plaintiff's Amended Complaint is completely devoid of any factual allegations as to when the comment was allegedly made or the context for the alleged discussion, including what exactly this alleged "reference" to age may have been.[4]

Plaintiff also does not include in his Amended Complaint any factual allegations that would show that Plaintiff's supervisor held any animus against Plaintiff because of his age or that his supervisor played any role at all in the decision to terminate his employment what may have been months after the comment(s) was made. Therefore, Plaintiff's Amended Complaint fails to plausibly establish the necessary nexus between Plaintiff's age and his termination. *See Adams v. 3D Sys., Inc*., 2019 U.S. Dist. LEXIS 229807, at *16-17 (D.S.C. Nov. 26, 2019).

For example, in *Adams*, like here, the plaintiff included a similar "passing allegation" that another employee said that the lab workers should be young and white and "that we should not be

---

[4] Without further factual support regarding the reference to age, the reference could have easily been "Happy Birthday."

bringing any old men to work in the lab areas." *Id.* The plaintiff failed to allege anywhere in his complaint that he was terminated or otherwise discriminated against ***because of*** his age. *Id.* Due to the lack of nexus between the comment and the plaintiff's termination, the Court dismissed the complaint, holding that the allegation was insufficient pursuant to *Twombly* to adequately plead an ADEA claim. *Id.*; s*ee also Holmes v. ResCare HomeCare*, 2016 U.S. Dist. LEXIS 27795, at *18–21 (D.S.C. 2016) (dismissing claim where plaintiff alleged only that she was 51 years old and was terminated and where "none of the allegations . . . set forth any facts to show or infer that the actions taken against Plaintiff . . . had anything to do with her age"); *Eleazu v. Dir. US Army Network Enter. Ctr.*, 2020 U.S. Dist. LEXIS 219164, at *15 (D.S.C. Nov. 23 2020) (dismissing ADEA claim where plaintiff did "not allege Defendant discriminated against him or that he was harassed due to. . . his age . . ., beyond stating, without elaboration, that he was subjected to "stereotype jokes.").

Without these factual allegations, Plaintiff has not plausibly demonstrated the required causal connection between his termination and his age. His conclusory statement that he was terminated and that the "circumstances of [his] discharge raise a reasonable inference of unlawful discrimination," Dkt. Entry 5, ¶ 34, are not enough to push his claim above the speculative level and sustain his discrimination claim under the ADEA. *See, e.g.*, *Carpenter v. County Sch. Bd.*, 107 Fed. Appx. 351, 351–352 (4th Cir. 2004) (dismissing ADEA claim because plaintiff "did nothing more than state that he was in a protected class and that he suffered adverse employment decisions"). Therefore, Plaintiff's ADEA claim should be dismissed with prejudice.

The very purpose of the heightened pleading standard, *see Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1979, is to prevent a plaintiff, such as Plaintiff in the instant case, from "unlock[ing] the doors of discovery" if he cannot state a plausible claim

for relief. *Iqbal*, 556 U.S. at 675–79, 129 S. Ct. at 1950. As the Supreme Court specifically stated in *Twombly*, when the allegations in the complaint do not create a viable claim for relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the party and the court" on a motion to dismiss; else, a plaintiff "with a largely groundless claim" will be allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966.

Both Plaintiff's age discrimination claim under the ADEA and his FMLA interference claim fail to state a plausible claim for relief as a matter of law. Therefore, the Court should dismiss Plaintiff's Amended Complaint with prejudice at this stage prior to permitting costly and time-consuming discovery on these flawed claims.

## Conclusion

Based on the foregoing, Defendant Continental Tire the Americas, LLC, by and through counsel, request that the Court enter an Order dismissing Plaintiff's claims against it, with prejudice, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); awarding it its costs and reasonable attorneys' fees; and awarding it such further relief as the Court deems just and proper.

This the 2nd day of April, 2021.

By:    /s/ T. Richmond McPherson
        T. Richmond McPherson, III
        (Fed. Bar No. 11214)
        rmcpherson@mcguirewoods.com
        Meredith A. Pinson *(Pro hac admission forthcoming)*
        (N.C. Bar No. 39990)
        mpinson@mcguirewoods.com
        MCGUIREWOODS LLP
        201 North Tryon Street, Suite 3000
        Charlotte, North Carolina 28202
        Tel. (704) 343-2038
        Fax. (704) 444-8783

        **ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gary Washington, | C/A No. 3:20-cv-04056-MGL-SVH |
| Plaintiff, | |
| v. | |
| Continental Tire the Americas, LLC, | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021, I filed electronically the foregoing document with the Clerk of Court using the CM/ECF system and that a copy has been served this day by first-class mail, postage prepaid, upon counsel for Plaintiff at the addresses listed below:

Regina Hollis Lewis
GAFFNEYLEWIS LLC
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
rlewis@gaffneylewis.com

Alexander C. Kelly
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St., Suite 200
Winston-Salem, NC 27101
ack@kirbygsmith.com

*Counsel for Plaintiff*

/s/ T. Richmond McPherson, III
T. Richmond McPherson, III (Fed. ID #11214)