UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GARY WASHINGTON,<br><br>    Plaintiff,<br><br>V.<br><br>CONTINENTAL TIRE THE AMERICAS, LLC,<br><br>    Defendant. | Civil Action No.<br>3:20-cv-04056-MGL-SVH |

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Gary Washington, by and through undersigned counsel, hereby submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint.

## **PROCEDURAL BACKGROUND**

On November 20, 2020, Plaintiff filed a Complaint against Defendant alleging FMLA Interference and discrimination under the Age Discrimination in Employment Act (ADEA). (Doc. 1). On January 27, 2021, Plaintiff filed an Amended Complaint to correct Defendant's name in the case-caption; the initial Complaint erroneously included an "s" after "Tire." (Doc. 5). On April 2, 2021, Defendant filed a motion to dismiss all claims. (Doc. 8).

In addition to this response, Plaintiff is also filing a Motion for Leave to File a Second Amended Complaint for the purpose of substituting the pending FMLA interference claim with an FMLA retaliation claim, and to plead additional facts in support of both the FMLA and ADEA claims. If Plaintiff's motion is granted, Defendant's pending motion to dismiss will be denied as moot. *State Farm Fire & Cas. Co. v. Kudasz*, No. 3:10-CV-545-RJC-DCK, 2011 WL 1830399, at *1 (W.D.N.C. May 12, 2011) ("filing of Plaintiff's amended complaint renders the defendant's pending motion to dismiss as moot"). In the event the motion to amend is not granted, we are

1

providing this response to Defendant's current motion to dismiss the ADEA claim. We will not be contesting the motion to dismiss the FMLA interference claim.

## STATEMENT OF FACTS

From July 2017 until April 20, 2019, Plaintiff worked for Defendant as a certified Tire Build Operator (Doc. 5, ¶ 11-12, 21). At the time of his termination, Plaintiff was 56 years old. (Doc. 5, ¶ 23). In the months preceding his termination, Plaintiff's supervisor, Mr. John Stein, twice referenced Plaintiff's age and asked if he was considering retirement. (Doc. 5, ¶ 25).

On April 3, 2019, Plaintiff told Mr. Stein that he would need to take leave to care for his mother, who had been admitted to the ICU and was near death. (Doc. 5, ¶ 12). He approved Plaintiff's leave. (Doc. 5, ¶ 14). After Plaintiff's mother passed away, Plaintiff informed his second-level supervisor, Mr. Oscar Boyle, who asked Plaintiff to notify him when he made plans to return to work. (Doc. 5, ¶ 18). At no point did Mr. Boyle refer Plaintiff to Human Resources or give him further instructions to request a leave of absence. (Doc. 5, ¶ 19).

On April 19, 2019, Plaintiff told Mr. Boyle that he would be available to return to work on April 23, 2019. (Doc. 5, ¶ 20). Defendant terminated Plaintiff the following day without giving him the option to return to work. (Doc. 5, ¶ 22). Defendant then replaced Plaintiff with an individual under the age of 40. (Doc. 5, ¶ 24).

## ARGUMENT

A. **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *see also Lemay v. Bridgestone Bandag, LLC*, No. 5:11-cv-723-BO at 3 (E.D.N.C., 2012). "Asking for plausible

grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556–57, 127 S.Ct. 1955). "Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)

### B. ADEA DISCRIMINATION

The ADEA forbids an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *Craddock v. Lincoln Nat. Life Ins. Co.*, 533 F. App'x 333, 335 (4th Cir. 2013). "To survive a Rule 12(b)(6) motion to dismiss for failure to state an ADEA claim, [a plaintiff] is not required to plead a prima facie case of discrimination [...], but he must 'allege facts to satisfy the elements of a[n] [ADEA] cause of action.'" *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *McCleary-Evans v. Md.*

3

*Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). "'The elements of an ADEA cause of action are the following: the plaintiff is (1) over the age of 40, and (2) experienced discrimination by an employer (3) because of his age[.]" *Id.* (*citing McCleary-Evans*, 780 F.3d at 585; ; *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006); 29 U.S.C. § 623(a)(1)).

In this case, the Amended Complaint shows that Plaintiff was 56 at the time of his termination and was replaced by a substantially younger individual. *See Hartley v. Wisc. Bell,* 124 F.3d 887, 893 (7th Cir.1997) (a difference of 10 years or more constitutes substantially younger for the purposes of an ADEA claim); *France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015), *as amended on reh'g* (Oct. 14, 2015) (adopting the 10-year standard set in *Hartley*); *Hilde v. City of Eveleth*, 777 F.3d 998, 1008 (8th Cir. 2015) (recognizing 8 years as substantial). This is sufficient evidence to establish a plausible inference that Plaintiff was discharged due to his age. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S. Ct. 1307, 1310, 134 L. Ed. 2d 433 (1996) (replacement by a substantially younger individual is relevant when determining whether an inference of age discrimination has been raised). Furthermore, Plaintiff's supervisor referenced Plaintiff's age and asked if he was going to retire on two occasions in the months preceding Plaintiff's termination. Although Defendant has suggested that these comments could have been innocuous, Plaintiff is presenting them as evidence of age discrimination, and all reasonable inferences should be drawn in his favor at this stage. Based on this evidence, Plaintiff's ADEA claim is plausible. *See Craddock*, 533 Fed.Appx. 333 (finding allegations sufficiently stated an ADEA claim where Lincoln trained all younger employees in the department to use a scanner, but did not train Craddock despite her requests and that Lincoln told Craddock she could not work again for Lincoln sufficient to state a plausible ADEA claim).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss and for such other and further relief as this Court deems appropriate.

Respectfully submitted this 16th of April, 2021.

s/Regina Hollins Lewis
Regina Hollins Lewis
Federal ID No. 7553
GAFFNEYLEWIS LLC
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
T: (803) 790-8838
F: (803) 790-8841
rlewis@gaffneylewis.com

s/Alexander C. Kelly
Alexander C. Kelly, *Pro Hac Vice*
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 16, 2021, I electronically filed the foregoing with the Clerk of Court via the court's CM/ECF system, which will send notice to all parties.

Respectfully submitted this 16th of April, 2021.

s/Regina Hollins Lewis
Regina Hollins Lewis
Federal ID No. 7553
GAFFNEYLEWIS LLC
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
T: (803) 790-8838
F: (803) 790-8841
rlewis@gaffneylewis.com