UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GARY WASHINGTON,<br><br>    Plaintiff,<br><br>V.<br><br>CONTINENTAL TIRE THE AMERICAS, LLC,<br><br>    Defendant. | Civil Action No.<br>3:20-cv-04056-MGL-SVH |

### SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, Gary Washington ("Mr. Washington" or "Plaintiff"), and hereby files this Second Amended Complaint for Damages against Continental Tire the Americas, LLC ("CTA" or "Defendant"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count One of this Complaint, which arises under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA).

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count Two of this Complaint, which arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (ADEA).

3. This Court has jurisdiction over the parties of this action because the employment practices described herein were committed within Sumter County, South Carolina.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Plaintiff received his Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed.

1

*Exhibit 1.*

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of South Carolina.

7. Defendant is a corporation registered to conduct business in the State of South Carolina.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System, located at 2 Office Park Ct, Ste 103, Columbia, SC 29223.

9. Defendant employed fifty (50) employees or more within 75 miles at all times relevant to this lawsuit.

10. Defendant is subject to the requirements of the ADEA and FMLA.

## III. FACTUAL ALLEGATIONS

11. Mr. Washington began working for Defendant as a certified Tire Build Operator at Defendant's manufacturing plant in Sumter, SC (Sumter Plant) in July 2017.

12. Mr. Washington worked as a Tire Build Operator for the duration of his employment with Defendant.

13. Mr. Washington's performance reviews were satisfactory.

14. Prior to his termination, Mr. Washington did not receive any disciplinary actions with Defendant.

15. On April 3, 2019, Mr. Washington notified his supervisor, Mr. John Stein, that his mother had been admitted to the ICU and was near death.

16. Mr. Washington asked Mr. Stein for permission to go on a leave of absence to care for his mother.

17. Mr. Stein agreed and asked Mr. Washington to keep him updated.

18. Mr. Stein did not inform Mr. Washington that he could apply for FMLA leave.

19. Mr. Washington worked over 1,250 hours during the 12 months preceding the leave request he made to Mr. Stein.

20. On April 10, Mr. Washington's mother passed away.

21. On April 12, Mr. Washington notified Mr. Stein and his second level supervisor, Mr. Oscar Boyle, of her death. Mr. Boyle responded by text message, "Sorry to hear this news just as soon as y'all make plans just let me know and we can go from there."

22. After speaking with Mr. Boyle, Mr. Washington left several messages with Mr. Stein but did not receive a response.

23. At no point did Mr. Stein, Mr. Boyle, or anyone else with Defendant tell Mr. Washington to contact Defendant's Human Resources (HR) department regarding his leave of absence.

24. On April 19, Mr. Washington contacted Mr. Boyle by text message and said he would like to return on April 23.

25. Later that day, an HR representative called Mr. Washington and told him that Mr. Clayton Turner, Division Manager, would contact him shortly.

26. The following day, Mr. Turner terminated him over the phone.

27. At the time of his termination, Mr. Washington was 56 years old.

28. Upon information and belief, Mr. Washington was replaced by an individual under the age of 40.

29. On at least two (2) occasions in 2019, Mr. Stein referenced Mr. Washington's age and asked if he was considering retirement.

30. During one of these incidents, Mr. Stein called Mr. Washington an "old man."

## IV. CLAIM FOR RELIEF

### COUNT I

### FMLA RETALIATION

31. Plaintiff incorporates by reference paragraphs 1-30 of his Second Amended Complaint as if fully set forth herein.

32. Plaintiff was entitled to leave pursuant to 29 U.S.C.A. § 2612(a)(1)(C).

33. Plaintiff made Defendant aware that he required leave for a reason covered by the FMLA.

34. Plaintiff suffered the adverse action of termination.

35. The circumstances of Plaintiff's discharge raise a reasonable inference that Defendant terminated him for engaging in activity that Defendant knew or reasonably should have known was protected by the FMLA.

### COUNT II

### ADEA DISCRIMINATION

36. Plaintiff incorporates by reference paragraphs 1-35 of his Second Amended Complaint as if fully set forth herein.

37. Plaintiff is over the age of 40 and thus a member of a protected class under the ADEA.

38. Plaintiff was qualified for the position he held with Defendant, and he met his employer's legitimate expectations.

39. Plaintiff suffered the adverse action of termination.

40. The circumstances of Plaintiff's discharge raise a reasonable inference of unlawful discrimination, including the fact that he was replaced by a substantially younger individual.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, liquidated damages, reasonable attorney fees, and costs in accordance with the FMLA and ADEA; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 16th of April, 2021.

s/Regina Hollins Lewis
Regina Hollins Lewis
Federal ID No. 7553
GAFFNEYLEWIS LLC
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
T: (803) 790-8838
F: (803) 790-8841
rlewis@gaffneylewis.com

s/Alexander C. Kelly
Alexander C. Kelly, *Pro Hac Vice*
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 16th of April, 2021.

s/Regina Hollins Lewis
Regina Hollins Lewis
Federal ID No. 7553
GAFFNEYLEWIS LLC
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
T: (803) 790-8838
F: (803) 790-8841
rlewis@gaffneylewis.com

s/Alexander C. Kelly
Alexander C. Kelly, *Pro Hac Vice*
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorneys for Plaintiff*

6

# EXHIBIT 1

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Gary Washington<br>420 Lamme Chase<br>Johns Creek, GA 30097 | From: | Greenville Local Office<br>301 North Main St<br>Suite 1402<br>Greenville, SC 29601 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 436-2020-00330 | Kimberly L. Ambersley, Investigator | (864) 241-4408 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Kimberly L. Ambersely*
Patricia B. Fuller,
Local Office Director

AUG 26 2020
*(Date Mailed)*

cc:
**Chris Egner, Corporate Counsel**
**CONTINENTAL TIRE THE AMERICAS, LLC**
1830 Macmillan Park Drive
Fort Mill, SC 29707

**Kirby Smith**
**THE KIRBY SMITH LAW FIRM**
4488 North Shallowford Road
Atlanta, GA 30338