IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gary Washington,<br><br>    Plaintiff,<br><br>  v.<br><br>Continental Tire the Americas, LLC,<br><br>    Defendant. | C/A No. 3:20-cv-04056-MGL-SVH |

**DEFENDANT'S REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Continental Tire the Americas, LLC ("Defendant" or "Continental"), by counsel, hereby replies as follows to Plaintiff's "Response to Motion for Summary Judgment" ("Plaintiff's Response" or "Response") (Dkt. Entry 67):

**Introduction**

With his short, six-page Response, Plaintiff altogether fails to comply with Fed. R. Civ. P. 56.[1] He largely repeats the same conclusory allegations made in his unverified pleading, including those that were made only "upon information and belief." He otherwise relies on self-serving statements and speculation, either entirely unsupported by any record citation or contradicted by admissible record evidence presented by Continental.

Plaintiff's Response raises no genuine issue of material fact that would preclude the entry of summary judgment on his claims against Continental under the Age Discrimination in

---

[1] Plaintiff is represented by counsel and has been allowed multiple extensions to submit a response in opposition to Defendant's Motion for Summary Judgment, which was originally due on July 29, 2022. *See* Dkt. Entries 64-66.

1

Employment Act ("ADEA") and the Family and Medical Leave Act ("FMLA"). Accordingly, for these reasons which are set forth more fully below and as outlined in Defendant's Memorandum in Support of its Motion to Dismiss ("Defendant's Memorandum"), *see* Dkt Entry 63-1, Plaintiff's claims must be dismissed in their entirety, with prejudice.

## Argument

**I.     Contrary to His Assertions, and as Threshold Matter, Plaintiff's Claims Are Barred by Judicial Estoppel.**

In his Response, Plaintiff altogether ignores his failure to disclose in his own Chapter 13 bankruptcy petition his Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") that precipitated the claims in this lawsuit, or his contemplated FMLA claim against Continental arising from his termination. Rather, Plaintiff argues only that because ***his wife's*** bankruptcy petition was amended to disclose this lawsuit on August 4, 2022, after receipt of Defendant's dispositive motion, Plaintiff is not judicially estopped from bringing his claims against Continental. *See* Response, p. 2.

Contrary to Plaintiff's assertions, it is entirely irrelevant that his wife's bankruptcy petition was amended to include this lawsuit. Plaintiff is not a party to those proceedings and, therefore, Plaintiff has made no sworn representation to the bankruptcy court in those proceedings regarding his claims or potential claims against third parties as potential assets. *See In re Michele Washington*, Case No. 20-03482-dd, at Dkt. No. 1, pp. 1, 12 (D.S.C. Bankr. Ct.). Indeed, the amendment to which Plaintiff points in his Response discusses ***Mrs.*** Washington's potential interest in this lawsuit, ***not*** Plaintiff's. *See id.* at Dkt. No. 96, p. 7.

Accordingly, Plaintiff's wife's disclosure of these claims against Continental in her bankruptcy proceeding does nothing to excuse Plaintiff's failure to satisfy his ongoing duty to disclose all assets or potential assets, including his claims against Continental, in his own

2

bankruptcy petition. Therefore, and for the reasons discussed more fully in Defendant's Memorandum, Plaintiff is judicially estopped from pursuing all of his claims here and his claims against Continental are subject to dismissal on this ground alone.

## II.     Plaintiff Fails to Establish a Genuine Dispute of Material Fact and His Claims Cannot Survive Summary Judgment.

### A.     Plaintiff Fails to Comply with Fed. R. Civ. P. 56 and His Response Should Be Disregarded by the Court.

Federal Rule of Civil Procedure 56(c) "provides that a party asserting that a fact is genuinely disputed must support the assertion by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.'" *Williams v. Horry-Georgetown Tech. Coll.*, 26 F. Supp. 3d 519, 540 n.8 (D.S.C. 2014) (quoting Fed. R. Civ. P. 56(c)).  Thus, the nonmoving party "may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment" nor may he "rest upon the mere allegations or denials of his pleadings." *Williams*, 26 F. Supp. 3d at 533; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Indeed, "[i]t is not the Court's responsibility to comb the record either for supporting evidence or to craft arguments for a party." *Hubbard v. Stirling*, 2020 U.S. Dist. LEXIS 162272, at *18 (D.S.C. Mar. 16, 2020).  But, that is precisely what Plaintiff expects the Court to do here.

Plaintiff has not even attempted to comply with Rule 56(c), as there is not a single citation to admissible record evidence in Plaintiff's Response.  Instead, he recites several allegations that appear to be copied and pasted into narrative form from his initial, unsworn pleading (*compare* Dkt. No. 22 *with* Dkt. No. 67) and even includes those allegations that were made "upon

information and belief."[2]  *See* Response, pp. 2–4.  On this basis alone, Plaintiff cannot establish a genuine issue of material fact that would preclude summary judgment of his claims.  *See e.g., Hubbard*, 2020 U.S. Dist. LEXIS at *17–19 (granting summary judgment in favor of defendant where plaintiff's response "largely consist[ed] of factual assertions that are unsupported by any citation to any forecasted admissible evidence" and that were insufficient to create a genuine dispute of material fact to preclude summary judgment);  *Bruton v. Wofford*, 2018 U.S. Dist. LEXIS 170934, at *11–12 (D.S.C. Aug. 30, 2018) (disregarding allegations in plaintiff's unverified complaint and unverified response to the motion for summary judgment because "a party opposing a properly supported motion for summary judgment may not rely on unsworn allegations") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

For these reasons, and for the reasons described below addressing Plaintiff's specific unsupported allegations regarding his ADEA and FMLA claims, this Court should disregard Plaintiff's Response and grant Defendant's Motion for Summary Judgment.

**B.     Contrary to His Conclusory and Unsupported Assertions, Plaintiff's FMLA Retaliation Claim Fails as a Matter of Law.**

Plaintiff includes in his Response several unsupported allegations in attempt to create a dispute of material fact and save his FMLA retaliation claim from dismissal.  But, all of Plaintiff's unsupported assertions are contradicted by admissible record evidence.

For example, Plaintiff now contends that the majority of his attendance points resulting in his termination were accrued during the period of time that he took off of work to care for his mother while she was ill but still living.  *See* Response, p. 6.  But, pursuant to undisputed, admissible record evidence, all of the six attendance points and absences accumulated by Plaintiff

---

[2] Like his pleadings, Plaintiff's Response is unverified.

in violation of Continental's attendance policy that ultimately led to his termination were incurred ***after*** Plaintiff's mother passed away and ***after*** Plaintiff exhausted the bereavement leave allotted to him by Continental policy. *See* Defendant's Memorandum, Statement of Material Facts ("SOMF") ¶¶ 18, 23–27; *see also* Plaintiff's Deposition, Dkt. No. 63–2, at 75:4–7, 84:24–86:12, 95:19–24.

Plaintiff also contends with no citation to record evidence that he was never told by any supervisor at Continental that his leave had expired and that he needed to return to work and that he believed his absences after his bereavement leave exhausted were excused or otherwise approved FMLA leave. *See* Response, p. 5. These assertions are similarly contradicted by Plaintiff's own admissions.

At his deposition, Plaintiff admitted that he communicated with his supervisor, Oscar Boyles, via text message on April 19, 2019 (9 days after his mother's death, 5 days after his bereavement leave exhausted, and at least five days before his employment terminated) and that Mr. Boyles told him then that he received three days of bereavement leave following his mother's passing and that any absences beyond those three days (which had been exhausted as of the April 19, 2019 message) needed to go through Continental's Human Resources department or Clayton Tucker. *See* SOMF, ¶¶ 20, 24 & 26. Plaintiff admitted in his deposition that despite this information from Mr. Boyles he did not seek to have any of his future absences excused by Continental following his exhaustion of bereavement leave. *See* Pl.'s Dep., Dkt. No. 63–2, at 95:3–13, 110:25–111:5. Plaintiff also admitted that he could not dispute that all of his absences following his exhaustion of bereavement leave were not excused and admitted that he did not seek any FMLA leave for any time he took to care for his mother prior to her passing despite knowing

5

how to request such FMLA leave.[3]  *See* Pl.'s Dep., Dkt. No. 63-2 at 95:3–13, 110:25–111:5; SOMF, ¶¶ 15–17.

Ultimately, and regardless of Plaintiff's misguided and unsupported assertions in his Response that are entirely contradicted by record evidence, Plaintiff was well aware that he was expected to return to work and terminated because he told his supervisors on April 19, 2019, *after* his mother's passing, her funeral, and his exhaustion of bereavement leave, that he would return to work on April 23, 2019 and thereafter failed to do so.  *See* SOMF, ¶¶ 24–25, 28. It was during this same time period that Plaintiff accumulated six attendance points and six unexcused absences in violation of Continental policy, and his employment subsequently terminated.  *Id.*

Plaintiff admitted in his deposition that no one at Continental did anything to retaliate against him under the FMLA (*see* Pl.'s Dep., Dkt. No. 63-2, at 126:24–127:3; 128:13–130:5) and Plaintiff has not pointed to any record evidence in his Response that would establish a genuine dispute otherwise.  Therefore, Defendant is entitled to summary judgment on Plaintiff's FMLA retaliation claim.

### C.     Contrary to his Assertions, Plaintiff Fails to State a Claim under the ADEA.

Plaintiff's assertions in his Response regarding his age discrimination claim under the ADEA are similarly unavailing and do not preclude summary judgment.  As to his ADEA claim, he relies purely on his own unsupported belief and speculation in an attempt to create a genuine dispute of fact that his termination was because of his age, rather than because of his failure to

---

[3] To the extent that Plaintiff argues in his Response that he should have received FMLA leave to cover his absences following his mother's death or that Continental violated the law for not excusing those absences, he is incorrect because the FMLA does not protect bereavement leave.  *See* Defendant's Memorandum, p. 18 n. 8.

return to work and his accumulation of six attendance points and unexcused absences in violation of Continental's policy.

Plaintiff attempts to argue that John Stein's reference to Plaintiff as an "old man" or his asking Plaintiff his age or when he planned to retire "*could* be construed" to mean that Plaintiff was getting too old to perform tire build operator duties.  *See* Response, p. 5 (emphasis added). "Could be construed," however, is nothing more than rank speculation and insufficient to defeat summary judgment.  *See, e.g., Nespeca v. Duke Energy Carolinas LLC*, 2016 U.S. Dist. LEXIS 48734, at *15-16 (D.S.C. April 12, 2016) (holding the plaintiff's mere speculation or building of one inference upon another insufficient to defeat summary judgment).  Rather, and at best, the record evidence reflects only a few stray, innocuous remarks made at some unidentified point in time that were unrelated to Plaintiff's termination and made by an ***older, non-decisionmaker*** in his termination, which is entirely insufficient to state an ADEA claim.  *See* Defendant's Memorandum, pp. 26–29.

Plaintiff similarly states, in a conclusory fashion, that the circumstances of his termination raise a reasonable inference of discrimination, citing that he was replaced by a substantially younger individual.  Response, p. 4.  But, Plaintiff admitted in his deposition that he has no idea who replaced him (Pl.'s Dep., Dkt. No. 63-2, at 67:15–19; 67:23–25) and admissible record evidence establishes that no one was hired to replace Plaintiff after his termination in April 2019. *See* SOMF, ¶¶ 31–33.

The ***sole*** case cited by Plaintiff in his six-page Response also does not support his contention that summary judgment is inappropriate on his ADEA claim.  In his Response, Plaintiff cites *Craddock v. Lincoln National Life Insurance Company*, 533 Fed. App'x 333 (4th Cir. 2013). But, in *Craddock*, the court considered whether the plaintiff there had plausibly stated a claim for

age discrimination to survive the defendant's ***motion to dismiss*** pursuant to Fed. R. Civ. P. 12(b)(6)—a much lower standard than applied to a motion for summary judgment under Fed. R. Civ. P. 56. *See* 533 Fed. App'x at 335–336. Even so, in *Craddock*, and with respect to the very same unsupported allegations to which Plaintiff cites in his Response to oppose Defendant's Motion for Summary Judgment, the court stated that it was "***close question***" whether the pleading could withstand even a motion to dismiss.

In sum, Plaintiff has not cited to any record evidence to create even the faintest dispute that his termination was because of his age and not because of the legitimate, non-discriminatory reasons set forth by Continental in its Memorandum—that is, Plaintiff's excessive and unexcused absences. Plaintiff has presented only conclusory statements which cannot withstand a summary judgment motion. Therefore, for these reasons, and the reasons more fully described in Defendant's Memorandum, this Court should grant summary judgment in favor of defendant and dismiss Plaintiff's ADEA claim in its entirety.

## Conclusion

Based on the foregoing, Defendant Continental Tire the Americas, LLC, by and through counsel, requests that the Court enter an Order granting its Motion for Summary Judgment; dismissing Plaintiff's Second Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 56; awarding it its costs and reasonable attorneys' fees; and awarding it such further relief as the Court deems just and proper.

This the 18th day of August 2022.

                By:   /s/ T. Richmond McPherson
                    T. Richmond McPherson, III
                    (Fed. Bar No. 11214)
                    rmcpherson@mcguirewoods.com
                    Meredith A. Pinson *(admitted pro hac vice)*
                    (N.C. Bar No. 39990)
                    mpinson@mcguirewoods.com
                    MCGUIREWOODS LLP
                    201 North Tryon Street, Suite 3000
                    Charlotte, North Carolina 28202
                    Tel. (704) 343-2038
                    Fax. (704) 444-8783

                    **ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gary Washington,<br><br>    Plaintiff,<br><br>v.<br><br>Continental Tire the Americas, LLC,<br><br>    Defendant. | C/A No. 3:20-cv-04056-MGL-SVH |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I filed electronically the foregoing document with the Clerk of Court using the CM/ECF system. Notice of Filing will be sent to all counsel of record, including counsel for Plaintiff below, by operation of the Court's electronic filing system as follows:

William L. Runyon, Jr.
William L. Runyon, Jr. Law Office
3 Gamecock Avenue, #303
Charleston, South Carolina 29407
runyonwilliamjr1@bellsouth.net
843-571-3515 (phone)

Amber C. Robinson, Esq.
Robinson Law Office PLLC
360 Central Avenue Ste. 800
St. Petersburg, FL 33701
arobinson@arobinsonlawfirm.com
813-613-2400 (phone)
727-362-1979 (fax)

           /s/ T. Richmond McPherson, III
           T. Richmond McPherson, III (Fed. ID #11214)

10